**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By cking at 8:55 am, Dec 13, 2012*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: YOUNGWOO MOON | ) | CHAPTER 11 CASE |
| | ) | NUMBER 12-20731 |
|     Debtor | ) | |
| | ) | |
| MISSION OAKS NATIONAL BANK | ) | |
| | ) | |
|     Creditor/Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YOUNGWOO MOON | ) | |
| | ) | |
|     Debtor/Respondent | ) | |
| | ) | |

## OPINION AND ORDER CONVERTING CASE

This matter is before me on the emergency motion ("Motion") by creditor Mission Oaks National Bank ("Mission Oaks") to convert or, in the alternative, to dismiss this case. The Motion is granted, and the case is converted to a case under chapter 7 under 11 U.S.C. § 1112(b)(4)(A), (B), (I), and (K).

## FINDINGS OF FACT

Debtor Youngwoo Moon is a Korean national who owns a Howard Johnson Motel that opened in January 2012 on roughly seven acres of land in Brunswick, Georgia ("Motel Property"). The Motel

is operated by a limited liability corporation of which Moon is the sole shareholder. Moon and his family live in the Motel.

Moon bought the Motel Property in April 2011 for $1.25 million, with most of the purchase price financed by Mission Oaks. This bankruptcy case was filed to stop Mission Oaks's foreclosure action.

At hearing, Mission Oaks established that monthly cash flow since the inception of the bankruptcy case has not been sufficient to meet operating expenses, even without any debt service, and that Moon is relying on infusions of cash from family members. Counsel for the Debtor conceded that "revenues are lacking at this point in time," but that seasonal business should provide a boost starting in December and that the longer range plan is to sell off four parcels of the property piecemeal to reduce the debt to a manageable level.

Mission Oaks also established that after the filing of the bankruptcy case, Moon continued to make impermissible payments on prepetition unsecured debts to family member "insiders," with $25,000 having been transferred after the U.S. Trustee instructed Moon at the 341 meeting that all such payments must stop.[1] (See Am. Statement of Fin. Affairs, Dkt. # 84 at 3 (showing $25,000 in payments to a brother in August and September

---

[1] Relatives of an individual debtor are "insiders" under the Bankruptcy Code. 11 U.S.C. § 101(31)(A)(i).

2012 after the date of the 341 meeting)).[2] Further, Moon made unauthorized postpetition payments totaling $16,000 to another insider, Moon's sister, on what was described as a "short-term loan." (Exs. D-3 at 6, D-4 at 4.)

Sales tax and room tax due after the date of the filing of the petition have not been paid, according to the Debtor's accountant (Test. of Daniel R. Cody Sr.); nor has the quarterly fee due the U.S. Trustee under 28 U.S.C. § 1930(a)(6).

There is equity in the Motel Property, although exactly how much is unclear. Moon has spent over $400,000 of his own money on renovations, and according to Moon's appraiser, the value of the Motel Property is $2,171,500 (Test. of Paul H. Sanders). The appraiser also estimated it would take two years to sell the Motel Property if it were put on the market at the appraised value. (Id.)

## CONCLUSIONS OF LAW

Subject to exceptions not applicable here, the court on request of a party in interest and after notice and a hearing shall for cause convert or dismiss a case, whichever is in the best interests of creditors and the estate, unless the court determines that appointment of a trustee is in the best interests

---

[2] The Amended Statement of Financial Affairs was verified by the Debtor and is thus an evidentiary admission, not just a pleading. See Fed. R. Evid. 801(d)(2) (admission by a party opponent not hearsay).

of creditors and the estate. 11 U.S.C. § 1112(b)(1). The movant bears the burden of showing cause by a preponderance of the evidence. Canpartners Realty Holding Co. IV, LLC v. Vallambrosa Holdings, LLC (In re Vallambrosa Holdings, LLC), 419 B.R. 81, 88 (Bankr. S.D. Ga. 2009). Once cause is shown, the court must dismiss or convert the case unless the "unusual circumstances" exception applies and is satisfied:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> >
> > (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
> >
> > > (i) for which there exists a reasonable justification for the act or omission; and
> > >
> > > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2)(A)-(B).

The Bankruptcy Code includes a non-exclusive list of sixteen examples of cause under 11 U.S.C. § 1112(b)(4), four of which have been shown here.

AO 72A

(Rev. 8/82)

First, there is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). "Courts have held that a post-petition negative cash flow and an inability to satisfy current expenses constitute a loss to or diminution of the estate." In re Motel Props. Inc., 314 B.R. 889, 894 (Bankr. S.D. Ga. 2004). Here, testimony supported by the Monthly Operating Reports showed an ongoing negative cash flow and inability to satisfy current expenses but for loans from family members. Moreover, there is no reasonable likelihood of rehabilitation, defined as being "put back in good condition and reestablish[ed] on a sound basis," In re Adbrite Corp., 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003). It is an unrealistic hope that the Debtor can market and sell four parcels of property piecemeal to maintain Motel operations when the Debtor's own appraiser projected two years of marketing to sell the Motel Property. Cause has thus been shown under § 1112(b)(4)(A).

Second, the unauthorized payments on unsecured debts to family members constitute "gross mismanagement of the estate," 11 U.S.C. § 1112(b)(4)(B). At hearing, counsel for the Debtor offered no explanation for these payments except that cultural differences and language issues may have prevented Moon from understanding and appreciating the consequences of "continuing to manage [his] finances post-petition as if nothing had changed,"

_In re Visicon Shareholders Trust_, 478 B.R. 292, 299 (Bankr. S.D. Ohio 2012). Cultural differences notwithstanding, I will not allow a debtor to pay unsecured loans to insiders while using the automatic stay to prevent a secured creditor from collecting on its debt. Moon sought protection under the Bankruptcy Code and may not enjoy its benefits without assuming its burdens. Cause has thus been shown under § 1112(b)(4)(B).

Third, the Debtor's failure to pay room tax and sales tax due after the filing of the petition constitutes a "failure to timely pay taxes owed after the date of the order for relief," 11 U.S.C. § 1112(b)(4)(I). And fourth, the Debtor's failure to pay the U.S. Trustee's quarterly fee constitutes "failure to pay any fees or charges required under chapter 123 of title 28," 11 U.S.C. § 1112(b)(4)(K). Cause has thus been shown under § 1112(b)(4)(I) and (K).

Cause having been shown, the next question is whether the exception for unusual circumstances applies to prohibit mandatory conversion or dismissal. It does not apply. One of the elements of the exception requires that "the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)." 11 U.S.C. § 1112(b)(2)(B). Here, the grounds for conversion or dismissal include cause under paragraph (4)(A). Moreover, even if the exception did apply, there are no unusual circumstances here that

would establish that conversion or dismissal is not in the best interests of creditors and the estate.

Accordingly, the case must either be converted or dismissed. Because of equity in the Motel Property, conversion is in the best interests of the creditors and the estate.

This case is therefore **ORDERED CONVERTED** to a case under chapter 7.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 12 day of December, 2012.

AO 72A
(Rev. 8/82)